CENTURY LAND COMPANY *v.* L. S. ECHOLS *et al.*

(No. 8755)

Submitted October 4, 1938. Decided November 10, 1938.

*Emmet Horan,* for appellant.

*A. N. Breckinridge* and *Roland A. Clapperton,* for appellee, L. S. Echols.

*Lee, Blessing & Steed,* for appellee, Century Land Company.

MAXWELL, PRESIDENT:

O. G. Robinson, late commissioner of school lands for Nicholas County, seeks to reverse a decree of the circuit court of that county, requiring him to repay the money received by him from the sale of certain tracts of land under decree of court in a suit by the commissioner.

The land consists of twenty-six tracts, owned in undivided interests by Century Land Company, a corporation, and numerous individuals. In the commissioner's suit, the land Company was the sole defendant served with process. Other defendants were designated as the unknown heirs of J. H. Hardesty, deceased, and were proceeded against by order of publication.

This suit, the purpose whereof is to annul the proceedings of the school commissioner and cancel the deed made by him, was instituted by the Century Land Company. In the development of the case one of the individual owners of an undivided interest also became a plaintiff. Because of the failure to make the individual owners parties defendant to the school commissioner's suit, and for other reasons recited in the decree herein under review, the circuit court of Nicholas County annulled the stated proceeding and cancelled the deed which had been made by the commissioner. In addition, the chancellor required of O. G. Robinson (he having conducted the proceeding and executed the deed as commissioner of school lands) that he refund to L. S. Echols, purchaser of the land and grantee in the deed executed by Robinson, school commissioner, the full amount of the purchase price paid to Robinson by Echols for the several tracts. Alleging error in this feature of the decree, Robinson has obtained this appeal.

Considering that the chancellor acted soundly in nullifying the commissioner's proceeding and the deed executed by him, the incisive question arises as to what should be done with respect to the purchase money paid to the commissioner of school lands by the grantee in the later avoided deed? Beyond doubt, the grantee should be placed *in statu quo* so far as that may be possible without working an injustice on someone else. Whether the decree in fact imposes an inequity on the commissioner cannot be determined from the record in its present condition. *Non constat* but that he has paid the money, less costs and commissions, to the proper tax collecting authorities of the state and county. If so, reimbursement, in the amount of such payments made by the commissioner to proper public officials, could not, with propriety, be exacted of the commissioner, unless his own conduct be tainted with fraud.

Therefore, so much of the final decree herein, entered June 19, 1937, as required "O. G. Robinson, late commissioner of school lands, to refund to said L. S. Echols, purchaser as aforesaid, the full amount of the purchase money paid by him with legal interest thereon from the date of payment until repaid," is reversed, and this cause is remanded to the circuit court of Nicholas County for further development as to the feature here involved.

*Reversed and remanded.*